UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bayview Loan Servicing, L.L.C.,

    Plaintiff,

v.

Charles D. Batch, et al.,

    Defendants.
                                        /

Case No. 09-14528

Honorable Nancy G. Edmunds

# OPINION AND ORDER GRANTING PLAINTIFF'S
# MOTION FOR SUMMARY JUDGMENT [27]

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff Bayview Loan Servicing, L.L.C. ("Plaintiff"), requests the Court to determine that it is entitled to a money judgment, costs and expenses, including reasonable attorney fees against Defendant Charles D. Batch ("Defendant Batch") for breach of loan documents. Defendant Batch does not dispute the breach of loan documents or Plaintiff's ability to recover based on the breach. Defendant Batch solely takes issue with the money judgment amount. Because Defendant Batch fails to put forth specific, relevant facts that contradict Plaintiff's valuation of Defendants' property, the Court GRANTS Plaintiff's motion.

**I.    Facts**

    **A.    The Parties**

Plaintiff is a Delaware limited liability company with its principal place of business in Florida. (Compl. ¶ 1.) Defendant Batch is an individual residing in Pennsylvania.

(Compl. ¶ 2; Answer ¶ 2.) Defendant Cortland Place, LLC ("Defendant Cortland"), is a Michigan limited liability company. (Compl. ¶ 3; Answer ¶ 3.)

### B. The Underlying Promissory Notes

On February 10, 2006, Defendant Batch, as Defendant Cortland's managing member, executed two promissory notes in favor of Consumer Funding, Inc.–dba–Commercial Funding ("Consumer Funding"). (Compl., Exs. 3, 4.) The promissory notes indebted Defendant Cortland to Consumer Funding for $800,000.00 on one promissory note and $80,000.00 on another. (*Id.*) Mortgages on Defendants' property at 1611 Cortland, Detroit, Michigan 48206 (the "Property"), secured the promissory notes. (Compl., Exs. 1, 2.) In addition to the execution of the promissory notes and mortgages, Defendant Batch signed two guaranties and two amendments to those guaranties that made him personally liable on unpaid balances relating to the promissory notes. (Compl., Exs. 5,6, 7, 8.) Both guaranties provide for an award of costs and expenses, including reasonable attorneys' fees and out of pocket expenses of attorneys and expert witnesses. (Compl., Exs. 5, 7.)

On February 14, 2006, Consumer Funding assigned the mortgage securing the $800,000.00 promissory note to Plaintiff. (Compl., Ex. 9.) That same day, Consumer Funding assigned the guaranties, amended guaranties, and other supporting loan documents relating to that note. (Pl.'s Mot. for Summ. J., Ex. 1.) About a week later, on February 20, Consumer Funding assigned the mortgage securing the $80,000.00 promissory note to Plaintiff, with U.S. Bank, National Association, as trustee. (Compl., Ex. 10.) And again, on the same day Consumer Funding assigned the guaranties,

amended guaranties, and other supporting loan documents relating to that note. (Pl.'s Mot. for Summ. J., Ex. 2.)

### C. Default, Foreclosure Proceeding, and Default Judgment

In the summer of 2008, Defendant Cortland defaulted on the promissory notes. (Pl.'s Mot. for Summ. J. at 2; Def.'s Resp. at 3.) After Defendants failed to cure the owed amounts, Plaintiff foreclosed on the Property. At the foreclosure sale held on September 11, 2008, Plaintiff purchased the Property for $280,000.00. (Pl.'s Mot. for Summ. J. at 3; Def.'s Resp. at 3.)

Despite the foreclosure sale, Defendants Cortland and Batch still owed on the promissory notes. (Pl.'s Mot. for Summ. J. at 3.) Plaintiff filed its breach of contract complaint on November 18, 2009, claiming that, the payoff as of December 1, 2009, was $689,050.98, plus interest accruing at a rate of $370.05 per day. (Compl. ¶ 40.) On March 26, 2010, Plaintiff obtained a default judgment against Defendant Cortland for $689,050.98, plus interest. (Docket Text #23.)

### D. Property Valuation

Defendant Batch does not dispute the essential facts as stated above. (Def.'s Resp. at 3.) The only fact that Defendant Batch disputes is the Property's actual value. In 2008, Plaintiff had the real estate firm CB Richard Ellis prepare a Broker Price Opinion ("BPO") to value the Property. (Pl.'s Mot. for Summ. J. at 2.) The BPO lists that the Property is a four-story apartment building, containing 31,424 square feet of gross building area that is situated on an 18,270 square foot site. (BPO, Pl.'s Mot. for Summ. J., Ex. 5.) The Property consists of 32 studio apartment units and 31 one

bedroom units. (*Id.*) The BPO also states that the Property is in disrepair and completely vacant. (*Id.*) The BPO lists two values for the property. The first value, the Market Value, estimates that the Property is worth $330,000.00. (*Id.*) The second value, the Disposition Value, estimates that the Property is worth $280,000.00. (*Id.*) The BPO includes a comparable data report. (*Id.*) In determining the Property's value, the BPO compared the Property to different property sales. (*Id.*) The BPO compared the Property to three properties, with building sizes of 11,160, 9,898, and 18,000. (*Id.*) These properties sold for $250,000, $20,000, and $240,000. (*Id.*) Defendant Batch disputes the comparisons and the valuation. He believes the properties are not comparable. (Def.'s Resp. at 6.) He notes that the Property's square footage is significantly greater than the comparison properties and has 63 rentable units, whereas the BPO does not address the comparable properties' number of rentable units. (*Id.*) He also takes issue with the BPO's claim that the comparison properties are in "superior" condition as compared to the Property's "poor" condition. (*Id.*) Defendant Batch offers a 2004 appraisal that states that the Property is worth $1.67 million. (Defendant's Appraisal, Def.'s Resp., Ex. A.) The Court takes note that this value is the "indicated value" in 2004 and included the then current rents and occupancy level. (*Id.*)

## II. Summary Judgment Standard

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

4

must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. Analysis

### A. Michigan Law Allows Defendant Batch to Prove the Property's Value at the Time of the Foreclosure Was Greater Than What Plaintiff Paid

The only issue the parties dispute is the value of the Property on the date of the foreclosure sale. If the Property's value was greater than the amount Plaintiff paid for it at the foreclosure sale, Defendant Batch can use the greater value to offset Plaintiff's deficiency judgment action. Michigan Compiled Law § 600.3280 governs this valuation

5

dispute. It provides that Defendant Batch can show that the property sold was fairly worth the amount of the debt secured by it at the time and place of the sale or that the amount bid was substantially less than its true value. *Chabut v. Chabut*, 239 N.W.2d 401, 403 (Mich. Ct. App. 1976) (quotation marks omitted). If Defendant Batch makes such a showing, it is a defense to Plaintiff's action and defeats the deficiency judgment against him either in whole or in part. (*Id.*) (Quotation marks omitted.)[1] Although fair

---

[1] The relevant language of Mich. Comp. Laws Ann. § 600.3280 (2000) provides: [w]hen, in the foreclosure of a mortgage by advertisement * * * and thereafter such mortgagee, payee or other holder of the secured obligation * * * shall sue for and undertake to recover a deficiency judgment against the mortgagor, * * * it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to *allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent*[] (emphasis added).

Since the parties are before the Court on diversity jurisdiction, the Court is required to apply the law of the forum state; here, Michigan law. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). Michigan law requires a court to "interpret the language of a statute in a manner that is consistent with the legislative intent. In determining the legislative intent, [a court] must first look to the actual language of the statute. As far as possible, effect should be given to every phrase, clause, and word in the statute. Moreover, the statutory language must be read and understood in its grammatical context. When considering the correct interpretation, the statute must be read as a whole. Individual words and phrases, while important, should be read in the context of the entire legislative scheme. In defining particular words within a statute, we must consider both the plain meaning of the critical word or phrase and its placement and purpose in the statutory scheme." *People v. Jackson*, No. 138988, __N.W.2d __ , 2010 WL 3488989, at *3 (Mich. Sept. 7, 2010) (internal citations omitted). If a defendant fails to meet her burden of proof, then she creates no genuine issue of material fact cannot survive summary disposition. *See generally Edry v. Adelman*, 786 N.W.2d 567, 572-73 (Mich. 2010).

Here, reading Mich. Comp. Laws. Ann. § 300.6280 (2000) as a whole, the Court finds that a defendant defending against a deficiency judgment has the burden to allege and show that *on the day of the foreclosure sale*, that the foreclosed property's value was worth more than the debt. If a defendant fails to allege and show that the foreclosed property's value is greater on the day of the foreclosure sale, then summary judgment is

market value calculations are a question of fact in deficiency judgment proceedings, Defendant Batch has "the burden of proving that a higher price should have been obtained upon the sale of the property." *Stewart v. Eaton*, 283 N.W. 651, 658 (Mich. 1939).

### B. Defendant Batch Has Failed to Show That the Property's Value at the Time of the Foreclosure Was Greater Than the Sale Price

For Defendant Batch to survive a summary judgment motion he must "allege and show" that the Property's value was greater "at the time and place of [the foreclosure] sale" than Plaintiff's purchase price. Mich. Comp. Laws Ann. § 600.3280 (2000). Defendant Batch has failed to make such a showing. He objects to Plaintiff's BPO. Specifically, he objects to the value of the Property and the properties to which the Property is compared. He alleges the Property's value was greater, but he has not supported this allegation. He offers a 2004 appraisal that states the Property is worth $1.67 million. But the appraiser based that figure off of 2004 data and the 2004 rates and occupancy. (Defendant's Appraisal, Def.'s Resp., Ex. A.) Defendant Batch has not addressed any of the intervening circumstances from 2004 (the economy, the fact that the Property is vacant) to 2008 in support of his allegation that Plaintiff's BPO is not accurate. Defendant also takes issue with the homes to which the BPO compares the Property. Yet he offers no homes to contradict the BPO's assessment. Because Defendant Batch fails to bring forth specific facts that contradict Plaintiff's BPO assessment of the Property's value "at the time and place" of the foreclosure sale, he

---

appropriate.

cannot defeat a motion for summary judgment. Mich. Comp. Laws. Ann. § 600.3280 (2000).

**VI.  Damages**

Plaintiff is entitled to the unpaid $689,050.98, plus interest at a rate of $370.05 per day from December 2, 2009.  In addition, the guaranties executed by Defendant Batch entitle Plaintiff to costs and reasonable attorneys' fees.  (*See Compl.*, Exs. 5,6, 7, 8.) But because Plaintiff has not presented the necessary information for an award of attorneys' fees, such as the hourly rate charged as well as an itemization of hours expended and costs incurred, the Court will reserve its award of costs and attorneys' fees until Plaintiff makes such a showing.  Plaintiff must submit this additional documentation within 30 days.

**V.  Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  October 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 13, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager